## JOEL M. JOHNSON v. FRANK O'NEIL.

1. Appeals from a justice's court must be put upon the appeal list at the first term of the Pleas after judgment rendered, without the notice required by section 83 of Small Cause act. *Rev.*, *p.* 554.
2. Where either party wishes to introduce new evidence on the trial of the appeal under section 85, ten days' notice of the intention to offer such evidence must be given, and it will then become the duty of the Common Pleas to postpone the trial to such day that the new evidence can be received.

On application for *mandamus.*

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the relator, *Peter Bentley.*

For the defendant, *Charles W. Fuller.*

The opinion of the court was delivered by

VAN SYCKEL, J.  On the 24th day of March, 1884, an appeal was taken by the relator from a judgment of a justice of the peace to the Hudson county Common Pleas. The regular term of the Pleas opened on the 1st day of April, on which day the court set the appeal down for trial on the 7th day of that month. Neither party gave notice of hearing of said appeal under the eighty-third section of the Justice's Court act. On the day last mentioned the appeal was called, and the appellant failing to answer, the appeal was dismissed. The Common Pleas, subsequently on motion of appellant, refused to re-instate the appeal, no surprise being alleged or other reason given why it should be re-instated.

The case is here on rule to show cause why *mandamus* shall not issue to the Common Pleas to re-instate the appeal, on the ground that he was entitled to fifteen days' notice of hearing under section 83 of the Small Cause act. *Rev.*, *p.* 554.

An act passed in 1880 (*Pamph. L., p.* 14,) requires all appeals to be put on the list for trial at the first term of the court to which appeal is taken after judgment rendered, except those taken within five days next before the beginning of the term, the papers in which are not filed with the clerk of the Common Pleas three days before the first day, such excepted cases go over to the next term.

All acts and parts of act inconsistent with the act of 1880 are thereby repealed.

This legislation clearly dispenses with the necessity for the notice required by the aforesaid eighty-third section, and it was so ruled in *Lush* v. *Foster*, 15 *Vroom* 378.

The act is mandatory, making it the duty of the clerk to put the appeal upon the list. The requirement that the clerk shall put the case on the list, if the papers are filed five days before the term opens, cannot be made to consist with the right of appellant to fifteen days' notice of hearing. The law gives him notice that his case is on the calendar for trial.

Giving this effect to the act of 1880 does not, as suggested by the relator, deprive either party of the right to produce new evidence under section 85 of the Justice's Court act.

Ten days' notice of the intention to offer such evidence may be given, and it will then become the duty of the Common Pleas to postpone the trial of the appeal to such day that the new evidence can be received.

The *mandamus* should be denied, with costs.